UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NATHANIEL JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3023 |
| ) | |
| LT. WILLIS AND EDDIE PAYNE, ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is proceeding pro se and is currently incarcerated in Dixon Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing

1

is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6).  Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  Id. (*quoting* Bell Atlantic, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges that he learned on August 4, 2011, that he was going to be transported from Logan Correctional Center to Pontiac Correctional Center, where he allegedly has many enemies.  Plaintiff informed officials that transferring him to Pontiac would put him at a serious risk of harm, but Defendant Payne told Plaintiff that Plaintiff could not "refuse housing" and must get in the transport van.  Plaintiff asserts that he had a constitutional right in this circumstance to refuse housing in Pontiac Correctional Center.

As a result of Plaintiff's refusal, Defendants Willis, Payne, and other unidentified officers forcibly carried Plaintiff to the transport van, lifted Plaintiff over their heads, and threw Plaintiff head-first into the van, causing Plaintiff to fracture his shoulder.  Plaintiff was then transferred to Pontiac Correctional Center, where he experienced additional adverse events.

Plaintiff states an Eighth Amendment excessive force claim against Defendants Willis and Payne.  The Eighth Amendment bars prison officials from using excessive force against inmates.  Excessive force in this context means the "unnecessary and wanton infliction of pain," which is force applied "maliciously and sadistically for the very purpose of causing harm" rather than force applied in a "good faith effort to maintain or restore discipline."  <u>Sanchez v. City of Chicago</u>, 700 F.3d 919, 927 n. 3 (7th Cir. 2012) (quoted and other cite omitted).  The Court

knows of no constitutional right to "refuse housing," but Plaintiff might be trying to pursue a failure-to-protect claim against Defendants Willis and Payne for placing Plaintiff at a substantial risk of serious harm by refusing Plaintiff's request to be placed in a prison where he does not have enemies.

The rest of Plaintiff's allegations are against persons other than Defendants Willis and Payne. For example, Plaintiff alleges that he has not received medical treatment for his shoulder injury and that he has been subjected to retaliatory acts and other adverse events in Pinckneyville Correctional Center and other prisons. No plausible inference arises that Defendant Willis or Payne played any part in these adverse events. Even if Plaintiff had named as defendants the persons involved in these events, the Court would dismiss them as improperly joined. "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012)(joinder problem can be solved by severance or by dismissing excess defendants). Plaintiff's conclusory umbrella allegations of retaliation do not allow an inference that the named Defendants participated in a conspiracy to retaliate against Plaintiff. Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009) ("plaintiff must meet a high standard of plausibility" to state a claim regarding allegations of vast, encompassing conspiracy). If Plaintiff intends to pursue federal claims arising from these adverse events, he must do so in a separate lawsuit or lawsuits

against the personally responsible Defendants, filed in the federal district in which the adverse events occurred.

IT IS THEREFORE ORDERED:

1. The merit review scheduled for February 11, 2013 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Eighth Amendment claims for excessive force and failure to protect against Defendants Willis and Payne. Plaintiff states no other claims against Defendants Willis and Payne. Accordingly, this case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. All claims other than the claims identified in paragraph 2 above are dismissed, without prejudice.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District

Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

9. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 22, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

11. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court

of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:       February 4, 2013

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
