**E-FILED**
Friday, 10 January, 2014  12:51:09 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NATHANIEL JACKSON,                )
                                  )
        Plaintiff,                )
                                  )
    v.                            )        12-CV-3023
                                  )
LT. WILLIS and EDDIE J. PAYNE,    )
                                  )
        Defendants.               )

**OPINION**

Plaintiff, proceeding pro se and incarcerated in Dixon Correctional Center, pursues claims for excessive force arising from incidents which occurred at the Logan Correctional Center on August 4, 2011.  Plaintiff also pursues a claim that Defendants put him at a substantial risk of serious harm by refusing Plaintiff's request to be placed in a prison where he has no declared enemies. The case is in the process of discovery.

Plaintiff has filed a motion to compel (d/e 102) regarding the responses he received to his interrogatories and requests for production of documents.  The Court has reviewed Plaintiff's discovery requests and Defendants' responses.

Some of the information Plaintiff seeks is relevant and discoverable, such as the names of potential witnesses to the alleged excessive force, the video recordings (if any) of the alleged excessive force, Defendants' work assignments during the relevant time, and whether Defendants were disciplined for any of the alleged incidents on August 4, 2011.  Defendants' objections thereto are insufficient boilerplate.

The Court concludes that the following interrogatories by Plaintiff seek relevant and discoverable information:  2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 20, 22, 23, 25, 28, 29, 30, 31, 33, 34, 35, 37, and 39.  To the extent Plaintiff asks for addresses of witnesses, only work addresses shall be provided, if known.  To the extent Plaintiff does not specify a date or location in his interrogatories, Defendants shall assume the date Plaintiff means is August 4, 2011, and the location is where the alleged incidents occurred, the Logan Correctional Center.

The rest of Plaintiff's interrogatories are irrelevant, duplicative, confusing, argumentative, or objectionable for the reasons stated by Defendants.  For example, whether Defendants are white supremacists or homosexual is not relevant.  Whether Defendants

have ever been disciplined for anything throughout their entire work careers is irrelevant, as is whether Defendants have friends at other prisons.  And, the location of surveillance cameras is not discoverable for obvious security reasons.

Plaintiff also challenges the responses to his request for production of documents.  The Court agrees that Plaintiff's request for his "complete prison record" is overbroad and irrelevant. Plaintiff does not explain why his entire prison record would be relevant to his claims.  However, incident reports, investigations, grievances, grievance responses, and other documents relating to or referring to the alleged incidents on August 4, 2011, are relevant and discoverable.  Additionally, documents which identify potential eyewitnesses are relevant, as are Plaintiff medical records, which might corroborate Plaintiff's alleged injuries.  Defendants may redact sensitive information, or, if security concerns counsel against disclosure, file a motion for an in camera inspection, explaining in sufficient detail the security risks presented by disclosure.

The Court concludes that following document requests by Plaintiff seek relevant, discoverable information:  2, 3, 4, 4[sic],[1] 5, 6, 7, 8, 9, and 10.  Plaintiff's other document requests are denied.

**IT IS THEREFORE ORDERED:**

1)    Plaintiff's motion to compel (d/e 102) is granted in part and denied in part as set forth above.

2)    Defendants are directed to provide the compelled information by February 28, 2014.

3)    Discovery remains closed, except for the information compelled above.

4)    Dispositive motions are due April 14, 2014.

5)    Plaintiff's motion to compel the librarian to make copies of Defendants' discovery responses is denied as moot (d/e 100).  The responses are already in the record.

6)    Plaintiff's motions for a ruling on his motions to compel are

---

[1] Plaintiff has two interrogatories, both numbered as "4."  Defendants shall respond to both.

denied as moot (d/e's 126, 128).

ENTERED:    1/10/2014

FOR THE COURT:

**s/Colin Stirling Bruce**
COLIN STIRLING BRUCE
UNITED STATES DISTRICT JUDGE